1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   VERINT SYSTEMS INC., et al.,

11                     Plaintiffs,

12        v.

13   ENVISION TELEPHONY INC,

14                     Defendant.

CASE NO. C14-1507 MJP

ORDER DENYING PLAINTIFFS'
MOTION FOR RETRANSFER OF
VENUE

15

16        THIS MATTER comes before the Court on Plaintiffs Verint Systems Inc. and Verint

17   Americas Inc.'s ("Plaintiffs") motion for retransfer of venue back to the U.S. District Court for

18   the Northern District of Georgia ("NDGA"). (Dkt. No. 65.) Having reviewed Plaintiffs' motion

19   and the related record, the Court DENIES Plaintiffs' motion for retransfer of venue with

20   prejudice.

21                                      **Background**

22        Plaintiffs sued Defendant for patent infringement, filing their case in the NDGA where

23   Verint Americas is located. (Dkt. No. 1 at 1–2.) Verint Systems is the parent company of Verint

24   Americas, located in New York, (id. at 1), and Defendant is a Washington corporation, located in

ORDER DENYING PLAINTIFFS' MOTION FOR
RETRANSFER OF VENUE- 1

1 Seattle. (Dkt. No. 67 at 5.) Defendant moved the NDGA to transfer venue to this District for

2 convenience pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 10.) After the parties briefed the NDGA

3 on the matter—including a response, reply, and surreply—the NDGA granted the motion to

4 transfer to the Western District of Washington. (Dkt. No. 52.)

5      Plaintiffs then petitioned the Federal Circuit for a Writ of Mandamus, seeking to vacate

6 the NDGA's transfer order. (Dkt. No. 65-1.) The Federal Circuit denied mandamus because "it is

7 ordinarily the proper course for the party to ask the district court that currently maintains

8 jurisdiction to retransfer the case to the transferor court." (Id. at 2.) Because this Court currently

9 has jurisdiction, Plaintiffs move the Court to retransfer the case back to the NDGA. (Dkt. No. 66-

10 1.)

11 **Discussion**

12     **I.**      **Motion for Retransfer**

13           **A.**     **Legal Standard**

14      By moving to retransfer the case, Plaintiffs ask the Court to revisit an issue that a sister

15 court already decided. The law of the case doctrine suggests "when a court decides upon a rule

16 of law, that decision should continue to govern the same issues in subsequent stages in the same

17 case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). The doctrine

18 promotes finality and judicial efficiency by not reopening settled issues. Id. "[T]he policies apply

19 with even greater force to transfer decisions than to decisions of substantive law" because the

20 transferee court could send litigants in a vicious cycle of litigation over venue. Id. While the

21 court has the power to revisit an issue, it is a discretionary power that should only be used if "(1)

22 the decision is clearly erroneous and its enforcement would work a manifest injustice, (2)

23 intervening controlling authority makes reconsideration appropriate, or (3) substantially different

24

ORDER DENYING PLAINTIFFS' MOTION FOR
RETRANSFER OF VENUE- 2

1  evidence was adduced at a subsequent trial." Old Pers. v. Brown, 312 F.3d 1036, 1039 (9th Cir.

2  2002). By arguing that a sister court clearly erred, the movant must show, not that the ruling

3  "was wrong, but that it was clearly wrong." Leslie Salt Co. v. United States, 55 F.3d 1388, 1393

4  (9th Cir. 1995). Therefore, if the transferee court finds that the transferor court's ruling is

5  plausible—regardless of whether the transferee court agrees—there has been no clear error. See

6  id. at 1394.

7      Under 28 U.S.C. § 1404(a), district courts have broad discretion to transfer cases. A

8  district court may transfer any civil action "to any other district or division where it might have

9  been brought." 28 U.S.C. § 1404(a). The statute is intended to give district courts discretion to

10  adjudicate motions for transfer by providing "individualized, case-by-case consideration of

11  convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). In the Eleventh

12  Circuit, a court facing a motion to transfer may consider and weigh nine factors:

13
14
15
16
> (1) [T]he convenience of the witnesses; (2) the location of relevant documents and
> the relative ease of access to sources of proof; (3) the convenience of the parties;
> (4) the locus of operative facts; (5) the availability of process to compel the
> attendance of unwilling witnesses; (6) the relative means of the parties; (7) a
> forum's familiarity with the governing law; (8) the weight accorded a plaintiff's
> choice of forum; and (9) trial efficiency and the interests of justice, based on the
> totality of the circumstances.

17
18  Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). On appeal, the reviewing

19  court uses an abuse of discretion standard, affording substantial deference to the district court's

20  ruling. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981).

21      **B.      Plaintiffs' Motion for Retransfer**

22      In light of the law of the case doctrine and the extensive briefing in front of the NDGA,

23  Plaintiffs fail to persuade the Court that it should revisit the transfer of venue issue.

24

ORDER DENYING PLAINTIFFS' MOTION FOR
RETRANSFER OF VENUE- 3

1    Plaintiffs' core contention is that the NDGA committed clear error because its transfer

2  order lacks any analysis of the nine factors under 28 U.S.C. § 1404(a). (See Dkt. No. 66-1 at 2.)

3  By not providing its analysis, Plaintiffs claim the NDGA ignored significant facts that weighed

4  in favor of the case continuing in the NDGA. (Id. at 10.) Plaintiffs argue the NDGA exceeded the

5  limits on its discretion by granting the motion to transfer and, thereby, clearly erred. (Id. at 10–

6  11.) Further, Plaintiffs contend the NDGA's ruling that the § 1404(a) factors "all weigh in favor

7  of the transfer" is inconsistent with the record, which reflects several factors that definitively

8  came out neutral. (Id. at 3.) The NDGA compounded its error, Plaintiffs argue, by failing to rule

9  on a motion for leave to file a second surreply that would have allegedly presented new evidence

10  of customers' infringing activity in Georgia. (Id. at 11.) Because the NDGA did not consider this

11  new evidence that was critical to the transfer factors, Plaintiffs contend it would be manifestly

12  unjust to deny retransfer. (Id. at 22.)

13                              i.       Clear Error

14    Plaintiffs fail to show the NDGA committed clear error. Revisiting law of the case is

15  discretionary and, when combined with a challenged ruling that is already highly discretionary,

16  Plaintiffs have a large hurdle to overcome. While it is clear that both parties have legitimate

17  arguments for the various convenience factors, the NDGA already considered these arguments in

18  the parties' extensive briefing. (See Dkt. No. 10, 14, 16, 20.) It is true the NDGA does not

19  analyze the factors in its transfer order, but this alone does not evidence clear error when the

20  NDGA granted numerous motions for supplemental briefing, considered the motion's briefing

21  for nearly five months, and applied the correct law. See Hatch v. Reliance Ins. Co., 758 F.2d

22  409, 413 (9th Cir. 1985) (explaining that the doctrine should "bar reconsideration of these

23

24

ORDER DENYING PLAINTIFFS' MOTION FOR
RETRANSFER OF VENUE- 4

1    matters unless there is some indication that appellants were not afforded a full and fair

2    opportunity to litigate these matters before the transferor court").

3         Moreover, it is not this Court's role to review the § 1404(a) factors de novo; rather, the

4    Court can only look for clear error, which affords even greater deference to the NDGA than

5    abuse of discretion standard. Plaintiffs exaggerate the transfer order's conclusion as not being

6    supported by the record. (Dkt. No. 66-1 at 3.) In fact, the record reflects substantial briefing of

7    the convenience factors, with legitimate arguments on both sides. The NDGA heard these

8    arguments, presented the legal standard in its order, and exercised its discretion. Because this

9    Court, as a transferee court, must exhibit heightened restraint when asked to revisit transfer

10   decisions, Christianson, 486 U.S. at 816, Plaintiffs must present more than the same arguments

11   already made in front of the transferor court to merit reversal of the original decision.

12        Further, Plaintiffs fail to show any instances where a transferee court retransferred a case

13   based solely on the convenience factors analysis; instead, the cited cases either hinge on the

14   transferor court applying the wrong law or the transferee court lacking personal jurisdiction. See,

15   e.g., MLP Tech., Inc. v. LifeMed ID, Inc., No. 13-02524, 2014 WL 1028398, at *3 (E.D. Cal.

16   Mar. 14, 2014) (finding clear error and manifest injustice when transferor court applied the

17   wrong law, which erroneously concluded that it lacked personal jurisdiction); Pac. Coast Marine

18   Windshields v. Malibu Boats, No. 11-01594, 2011 WL 6046308, at *6 (E.D. Cal. Dec. 5, 2011)

19   (finding clear error when transferor court erroneously concluded that transferee court would have

20   personal jurisdiction over all the defendants). Here, the NDGA applied the correct law, the

21   NDGA's decision did not rest on personal jurisdiction, and personal jurisdiction is not at issue in

22   this Court.

23

24

ORDER DENYING PLAINTIFFS' MOTION FOR
RETRANSFER OF VENUE- 5

1                  ii.      Manifest Injustice

2          Plaintiffs' arguments that a manifest injustice will result are overstated. First, the

3 NDGA's failure to consider Plaintiffs' "new evidence" does not create a manifest injustice.

4 Plaintiffs claim they uncovered new evidence of Defendant's customers in Georgia using the

5 alleged infringing product or service. (Dkt. No. 66-1 at 22–23.) But Defendant already admitted

6 to the NDGA that it had two customers in Georgia. (Dkt. No. 67 at 22–23.) While the parties

7 contest whether these customers used the product or service within the scope of the asserted

8 Plaintiffs' patents, this does not change the § 1404(a) analysis because the NDGA still

9 considered the location of all the potential witnesses.

10          Second, Plaintiffs overstate manifest injustice when arguing the NDGA's decision will

11 prevent Verint Americas "from ever litigating a patent infringement case in its home forum

12 unless the defendant happens to be headquartered in Georgia." (Dkt. No. 68 at 3.) This overstates

13 the NDGA's ruling because a § 1404(a) decision rests on a court's discretionary balance of the

14 nine factors, based on a case-by-case consideration. See Van Dusen, 376 U.S. at 622. The

15 NDGA's ruling neither speaks to future patent litigation nor future § 1404(a) analyses.

16                              **Conclusion**

17          Because the NDGA's ruling is law of the case and Plaintiffs do not provide evidence of

18 clear error and manifest injustice in the NDGA's ruling, the Court DENIES Plaintiffs' motion

19 with prejudice.

20          The clerk is ordered to provide copies of this order to all counsel.

21          Dated this 23rd day of February, 2015.

22

23                                  _____

                                      Marsha J. Pechman

24                                       United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR
RETRANSFER OF VENUE- 6